TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

SARA ANDERSON FREY (pro hac vice pending)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (215) 717-4009
Facsimile: (215) 693-6650

Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUISINIO MOLINA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CHOICE HOTELS INTERNATIONAL, INC.,

Defendant.

Case No. 3:25-cv-06827-RS

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Date: January 22, 2026
Time: 1:30 p.m.
Place: Courtroom 3, 17th Floor
Judge: Honorable Richard Seeborg

Action Filed: August 12, 2025

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. ARGUMENT IN REPLY ..... 1

A. Plaintiff's Generalized Invasion of Privacy Allegations Do Not Support Article III Standing ..... 1

B. Plaintiff Fails to Allege Sufficient Facts Demonstrating a CIPA Violation ..... 4

1. Plaintiff Has Failed to Sufficiently Plead Facts Showing Choice Hotels Knowingly Intended to Aid Meta ..... 4

2. Meta is an Extension of Choice Hotels ..... 4

3. The Contents of Plaintiff's Communications Were Not Disclosed ..... 5

4. Plaintiff Does Not Allege an Interception While In Transit ..... 7

C. Plaintiff Has Not Met the High Bar Required for His Constitutional Claims ..... 8

III. CONCLUSION ..... 10

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 1

*Augustine v. Great Wolf Resorts, Inc.*,
Case No. 23-cv-00281, 2024 WL 3450967 (S.D. Cal. July 18, 2024) ... 6-7

*Barbour v. John Muir Health*,
No. C22-01693, 2023 WL 2618967 (Cal. Super. Jan. 5, 2023) ... 8

*Bunnell v. Motion Picture Ass'n of America*,
567 F. Supp. 2d 1148 (C.D. Cal. 2007) ... 7, 8

*Crano v. Sojern, Inc.*,
3:25-cv-02600, 2025 WL 2689267 (N.D. Cal. Sept. 19, 2025) ... 8

*Esparza v. Kohl's, Inc.*,
723 F. Supp. 3d 934 (S.D. Cal. 2024) ... 8

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ... 2

*Gaige v. Exer Holding Co., LLC*,
Case No. 2:24-cv-06099, 2025 WL 559719 (C.D. Cal. Mar. 2, 2025) ... 2

*In re Guidant Corp. Impantable Defibrillators Litig.*,
MDL No. 05-1708, 2009 WL 1921902 (D. Minn. July 1, 2009) ... 1

*Heerde v. Learfield Communications LLC*,
Case No. 2:23-cv-04493, 2024 WL 3573874 (C.D. Cal. July 19, 2024)) ... 4

*Katz-Lacabe v. Oracle America, Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ... 2

*Khamooshi v. Politico LLC*,
786 F. Supp. 3d 1174 (N.D. Cal. 2025) ... 2

*King v. Hard Rock Café Int'l (USA), Inc.*,
No. 2-24-cv-01119, 2025 WL 1635419 (E.D. Cal. June 9, 2025) ... 5, 6

*Konop v. Hawaiian Airlines, Inc.*,
302 F.3d 868 (9th Cir. 2002) ... 7

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ... 9

*Mastel v. Miniclip SA*,
549 F. Supp. 3d 1129 (E.D. Cal. 2021)....................7

*Mikulsky v. Bloomingdales, LLC (Mikulsky I)*,
713 F. Supp. 3d 833 (S.D. Cal. 2024)....................6

*Mikulsky v. Bloomingdales, LLC (Mikulsky II)*,
No. 3:23-cv-00425, 2024 WL 3091395 (S.D. Cal. May 14, 2024....................6

*Mikulsky v. Bloomingdales, LLC (Mikulsky III)*,
No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025)....................6

*Nayab v. Capital One Bank (USA), N.A.*,
942 F. 3d 480 (9th Cir. 2019) ....................2

*Opperman v. Path, Inc.*,
205 F. Supp. 3d 1064 (N.D. Cal. 2016) ....................9

*Padron v. Lara*,
74 F.4th 986 (9th Cir. 2023) ....................6

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ....................1, 2, 3

*Shah v. Capital One Fin. Corp.*,
768 F. Supp. 3d 1033 (N.D. Cal. 2024)....................4

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024)....................4

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021)....................2

*Turner v. Nuance Communications, Inc.*,
Case No. 22-cv-05827, 2024 WL 2750017 (N.D. Cal. May 28, 2024)....................4

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ....................9

*Yaffe v. JP Morgan Case Bank N.A.*,
Case No. 24-cv-01357, 2024 WL 5063820 (N.D. Cal. Dec. 11, 2024).................... 3-4

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2024) ....................5

**Statutes**

Cal. Civ. Code § 53.5....................1, 2, 3, 8

Cal. Civ. Code § 53.5(c) ....................3, 9

Cal. Civ. Code § 53.5(i) ..................................................................................................3

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Defendant Choice Hotels International, Inc. ("Choice Hotels") respectfully submits the following Reply Brief in Support of its Motion to Dismiss Plaintiff Luisinio Molina ("Plaintiff") Complaint:

## I. INTRODUCTION

Plaintiff's Opposition—much like his Complaint—is peppered with legal buzzwords not backed up with any substance. To survive a motion to dismiss, a complaint must contain sufficient *factual matter* to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009); *see also In re Guidant Corp. Implantable Defibrillators Litig.*, MDL No. 05-1708, 2009 WL 1921902 (D. Minn. July 1, 2009) ("The use of buzzwords, coupled with only vague and conclusory allegations, is insufficient to withstand a motion to dismiss, especially in light of *[Iqbal and Twombly]*."). Plaintiff has failed to do so.

Plaintiff argues that his alleged invasion of privacy is sufficient to establish standing. The Ninth Circuit, however, recently considered and rejected a "generalized 'invasion-of-privacy' theory" of Article III standing. *Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (9th Cir. 2025). Plaintiff's continued reliance on Section 53.5 likewise fails as Plaintiff has not cited any authority establishing a substantive privacy right in his purported "guest records," even if he had established the disclosed information fell within Section 53.5's definition, which he has not.

Even if Plaintiff had Article III standing, dismissal is still warranted due to Plaintiff's failure to allege sufficient *facts* establishing any claims against Choice Hotels upon which relief may be granted.

## II. ARGUMENT IN REPLY

### A. Plaintiff's Generalized Invasion of Privacy Allegations Do Not Support Article III Standing

Relying in Section 53.5 of the California Civil Code, Plaintiff argues that as a hotel guest who has allegedly had his private guest record information disclosed, he has a suffered a harm akin to intrusion upon seclusion and that is all that is needed to establish standing. Doc. 18 at pp. 12-13. Plaintiff is mistaken. At the outset, even assuming Plaintiff could establish a substantive right to privacy under Section 53.5, that "'does not relieve [this] court[] of [its] responsibility to

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

independently decide whether a plaintiff has suffered a concrete harm under Article III.'" *Khamooshi v. Politico LLC*, 786 F. Supp. 3d 1174, 1181 (N.D. Cal. 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 426 (2021)).

Plaintiff has failed to establish a substantive privacy right in his so-called "guest records." Plaintiff cites to a litany of cases, several of which are outside of the Ninth Circuit and/or California, in support of his argument. A closer look at most of these cases, however, reveals that the nature of the information disclosed involved sensitive information that goes beyond the mere disclosure of guest records such as hotel selection. *See, e.g., Katz-Lacabe v. Oracle America, Inc.*, 668 F. Supp. 3d 928, 942 (N.D. Cal. 2023) (sensitive health and personal safety information); *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 599 (9th Cir. 2020) (disclosure of "cradle-to-grave profile" that included employment history and political and religious affiliations); *Gaige v. Exer Holding Co., LLC*, Case No. 2:24-cv-06099, 2025 WL 559719, at *4 (C.D. Cal. Mar. 2, 2025) (disclosure of health and medical information).

To the extent Plaintiff relies on his purported substantive privacy right under Section 53.5, such allegations are insufficient to establish a reasonable expectation of privacy. This point was definitively decided by the Ninth Circuit in *Popa*. There, the plaintiff alleged the defendant implemented tracking technology that collected a user's IP address and other device information as well as mouse movements, screen swipes, text input, and scrolling behavior. 153 F.4th at 786-87. The plaintiff argued that because Pennsylvania had enacted a statute protecting a substantive privacy right, a plaintiff alleging violation of that statute will satisfy Article III standing. *Id.* at 792. The Ninth Circuit categorically rejected this argument, confirming that a plaintiff must "demonstrate *more than just a statutory violation*" to establish a concrete injury. *Id.* at 793 (emphasis added). The Ninth Circuit further rejected the plaintiff's reliance on her generalized invasion of privacy claims, holding that "there exist[s] no free-roaming privacy right at common law." *Id.* at 792. Rather, a plaintiff must allege a traditionally recognized privacy harm which requires an intrusion "*of a kind that would be highly offensive to a reasonable man.*" *Id.* at 791 (quoting *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 491 (9th Cir. 2019)) (emphasis in original).

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

The plaintiff in *Popa* alleged the disclosure of her pet store preferences and street name, which the court held did not plausibly allege the infringement of a privacy interest. *Id.* (noting that allegations involving "sensitive medical or financial information" could be offensive). The court found the plaintiff failed to identify any "embarrassing, invasive, or otherwise private information collected by" the defendant. *Id.* Rather, at most, the court noted the defendant's tracking was "similar to a store clerk's observing shoppers in order to identify aisles that are particularly popular or to spot problems that disrupt potential sales." *Id.*

Similarly, Plaintiff does not explain how the tracking of trip destination, dates of stay, and number of adults and children "caused [him] to experience any kind of harm that is remotely similar to the 'highly offensive' interferences or disclosures that were actionable at common law." *Id.* Nor does Plaintiff explain how knowing which hotel one selected and how many individuals are staying in the room is "embarrassing" or "invasive" *Id.*

Plaintiff's argument is simply the information constitutes a guest record under Section 53.5 and that is all he needs to allege. Contrary to his arguments, however, Plaintiff has *not* established that the information that he claims was intercepted constitutes "guest records" under Section 53.5. That statute defines guest record as "any record that identifies an individual guest, boarder, occupant, lodger, customer, or invitee, including, but not limited to, their name, social security number or other unique identifying number, date of birth, location of birth, address, telephone number, driver's license number, other official form of identification, credit card number, or automobile license plate number." Cal. Civ. Code § 53.5(c). The information Plaintiff claims constitutes guest records—destination, dates of stay, number of adults, and number of children—plainly do not fall within that definition. But, even if that information did constitute a "guest record," Plaintiff's Opposition does not cite to any authority holding that a "guest record" as defined under Section 53.5 is per se confidential under CIPA.[1]

---

[1] Plaintiff's Opposition does not discuss Section 53.5(i) which permits a business from providing guest records to third party service providers for business-related services. As such, Plaintiff has conceded this point. *See Yaffe v. JP Morgan Chase Bank N.A.*, Case No. 24-cv-01357, 2024 WL

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Without a plausible expectation of privacy, Plaintiff cannot claim a concrete harm to a privacy interest and thus, lacks standing to bring his claim. Dismissal is warranted.

**B. Plaintiff Fails to Allege Sufficient Facts Demonstrating a CIPA Violation**

**1. Plaintiff Has Failed to Sufficiently Plead Facts Showing Choice Hotels Knowingly Intended to Aid Meta**

Plaintiff argues that he has adequately alleged Choice Hotels aided Meta's violations because he has alleged that Choice Hotels "is aware of [Meta's] activity, because it is disclosed to Defendant by Meta in Meta's terms." Doc. 18 at p. 19. Plaintiff contends that this allegation "render[s] Defendant's knowledge argument meritless." *Id.*

Plaintiff's Opposition ignores, however, the holding of this Court confirming the need to show both knowledge *and intent* for an aiding and abetting claim under the fourth clause of Section 631 in *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024). Indeed, Plaintiff only mentions *Smith* briefly in a parenthetical. Instead, Plaintiff simply cites to his allegations that Choice Hotels knew of Meta's activity because "Meta confirms in its 'Meta Business Tools Terms,' that it has the capability to use information it collects for purposes other than recording it and conveying it to Defendant." Doc. 18 at p. 19. Absent from the Complaint, however, is any allegation that Choice Hotels was aware of the "Meta Business Tools Terms" or that Choice Hotels "knowingly agreed with or employed [Meta] to engage in conduct that violated the wiretapping statute." *Smith*, 754 F. Supp. 3d at 943. Plaintiff's allegations are insufficient "to show the requisite knowledge and intent." *Id.*

**2. Meta is an Extension of Choice Hotels**

Choice Hotels acknowledges "[t]here is a split in the Ninth Circuit on the standard used to define a third party" under the CIPA. *Turner v. Nuance Communications, Inc.*, Case No. 22-cv-05827, 2024 WL 2750017, at *9 (N.D. Cal. May 28, 2024); *see also Heerde v. Learfield Communications, LLC*, Case No. 2:23-cv-04493, 2024 WL 3573874, at *6 (C.D. Cal. July 19,

---

5063820, at *2 (N.D. Cal. Dec. 11, 2024) (finding plaintiff conceded argument by failing to address it in her opposition).

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

2024) (noting "split among courts" regarding communications between internet users and developers of websites who track or record user data). For the reasons set forth in Choice Hotels' Opening Brief, this Court should follow the holdings of those courts that have held vendors such as Meta are not third parties.

Plaintiff cites to various allegations in his Complaint to support his argument that he has sufficiently pleaded that Meta is a third party. Doc. 18 at p. 19. Completely absent from the Complaint, however, are any allegations that Meta used *Plaintiff's data* or targeted *Plaintiff* with advertisements based on his data. His vague allegations that Facebook or LinkedIn *could* use data for targeted marketing are too general to find Meta is a third-party wiretapper. As such, Plaintiff's CIPA claim should be dismissed

**3. The Contents of Plaintiff's Communications Were Not Disclosed**

Plaintiff's Opposition fails to establish that the record information he admits he was "required" to enter, including destination, dates of stay, number of adults, and number of children, are contents. This is fatal to his CIPA claims.

Plaintiff does not dispute that the "contents" of a communication means "the substance, purport or meaning of [an alleged] communication" rather than "record information" about its characteristics. *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014); Doc. 18 at p. 22. Instead, Plaintiff insists that the "guest record" information he was required to input to make a reservation constitutes "the 'content of the communications, as opposed to mere record information, because it is the 'intended message of the communication'" Doc. 18 at p. 22 (citation omitted). As discussed in Choice Hotels' Opening Brief, this argument was recently rejected in *King v. Hard Rock Care Int'l (USA), Inc.*, No. 2:24-cv-01119, 2025 WL 1635419 (E.D. Cal. June 9, 2025).

In *King*, the plaintiff (represented by the same firm that represents Plaintiff here) alleged that the defendant violated CIPA by disclosing guest records, including destination, dates of trip, number of rooms required, number of adults and children, and desired sections of the hotel they wished to stay in. *Id.* at *1. The defendant filed a motion to dismiss arguing, in part, that the plaintiff to allege the information obtained constituted contents. The court noted in the first

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

instance that the plaintiff had failed to allege with any particularity her own personal interactions with the defendant's website including webpages viewed, destinations searched for, search terms used, or hotels allegedly booked. *Id.* at *4. Even so, the court went on to find that the complaint fell "short of alleging that the 'contents' of communications, as opposed to 'record information' were intercepted." *Id.* as such, the court granted the defendant's motion to dismiss.

Plaintiff's Complaint here suffers from similar deficiencies. While Plaintiff alleges generally in one paragraph that he booked several reservations through the Choice Hotels website and input a destination and dates of stay, Doc. 1 at ¶ 7, the Complaint "is devoid of any allegation describing [his] search queries, if any" and "does not allege [he] conducted the searches or visited the webpages" provided as examples. *King*, 2025 WL 1635419, at *4. As such, he "has not alleged that the 'contents' of [his] communications were intercepted." *Id.*

Plaintiff argues that *King* is inapplicable because it relied on a district court decision, *Mikulsky v. Bloomindale's LLC (Mikulsky I)*, 713 F. Supp. 3d 833 (S.D. Cal. 2024), that was overruled by the Ninth Circuit in *Mikulsky v. Bloomindale's LLC (Mikulsky III)*, No. 24-3564, 2025 WL 1718225 (9th Cir. June 20, 2025). Doc. 18 at p. 23. Plaintiff is mistaken. The Ninth Circuit did not reverse *Mikulsky I*, which challenged the original complaint filed by the plaintiff. Rather, the Ninth Circuit reversed, in part, a subsequent decision rendered *after* an amended pleading had been filed. *See Mikulsky v. Bloomingdale's LLC (Mikulsky II)*, No. 3:23-cv-00425, 2024 WL 3091395 (S.D. Cal. May 14, 2024). In *Mikulsky III*, the Ninth Circuit held that the amended pleading, unlike the original pleading, adequately alleged the disclosure of contents. *Mikulsky III*, 2025 WL 1718225, at *1. The Ninth Circuit did not, however, say anything to question the original dismissal in *Mikulsky I*, which supports dismissal here.

Plaintiff's attempt to distinguish *Augustine v. Great Wolf Resorts, Inc.*, Case No. 23-cv-00281, 2024 WL 3450967 (S.D. Cal. July 18, 2024) is similarly deficient. Plaintiff argues that *Augustine* is inapplicable because it involved session replay technology, however, that is a distinction without a difference. Similar to the allegations here, the plaintiff in *Augustine* alleged that the software disclosed various information including "clicks, keystrokes, search terms, other words and text typed, all information inputted into the website, and pages and content viewed"

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

while looking at hotel rooms and vacation packages. *Id.* at *5. The court found those allegations "fail[ed] to show *communications* between [p]laintiff and [defendant] or that the *contents* of such communications were intercepted." *Id.* at *6 (emphasis in original).

The Complaint fails to adequately allege the disclosure of the contents of communications and as such, Count I must be dismissed.

**4. Plaintiff Does Not Allege an Interception While In Transit**

In arguing he has adequately pleaded his communications were intercepted "in transit," Plaintiff cites to various boilerplate and conclusory allegations that he claims "detail that Meta intercepted his communications in transit." Doc. 18 at p. 23. While it is true Plaintiff's Complaint and Opposition set forth conclusory allegations of how websites use tools such as Meta Pixel to gather information through tracking technologies, allegations concerning *how* something works do not equate to sufficient allegations establishing a statutory violation. Simply throwing out the word "interception" over and over in hopes that something sticks is insufficient.

Because internet communications travel so quicky, the "in transit" requirement has been "narrowly construed." *Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002). "[T]he crucial question under § 631(a)'s second clause is whether [plaintiff] has plausibly alleged that [defendant] read one of his communications while it was still in transit, *i.e.*, before it reached its intended recipient." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1137 (E.D. Cal. 2021). Once a communication is received by the destination server, it becomes stored and interception while "in transit" is impossible. *Bunnell v. Motion Picture Ass'n of America*, 567 F. Supp. 2d 1148, 1154 (C.D. Cal. 2007) (whether third party received communications in milliseconds or days," once received, it is not in transit).

Plaintiff alleges that once a user enters information, "the individual's browser sends a GET request to Defendant's server requesting that server to load the particular webpage." Doc. 1 at ¶ 37. Plaintiff then alleges that "Meta's embedded code . . . sends secret instructions back to the individual's browser . . . [and] causes the browser to secretly and simultaneously duplicate the communication with Choice Hotels, transmitting it to Meta's servers." *Id.* This gap, even if

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

it occurs within milliseconds, does not meet the in transit element. *See Bunnell*, 234 F. Supp. 2d at 1154. The case law cited by Plaintiff is unavailing. *See, e.g., Barbour v. John Muir Health*, No. C22-01693, 2023 WL 2618967 (Cal. Super. Jan 5, 2023) (finding allegations that Facebook secretly duplicated communication insufficient).

**C. Plaintiff Has Not Met the Hight Bar Required for His Constitutional Claims**

At the outset, Plaintiff concedes that he cannot recovery monetary damages under California's Constitution. Doc. 18 at p. 28. Thus, to the extent the Complaint seeks monetary relief for Count II, dismissal is required.

In his Opposition, Plaintiff argues that he has sufficiently alleged the disclosure of personally identifiable information ("PII") and relies on two non-binding nearly 10 year old California district court cases purportedly holding that individuals have a privacy interest in their PII. Doc. 18 at p. 26. The problem with Plaintiff's argument is he has failed to adequately allege that the information at issue here is PII. In arguing he has alleged disclosure of PII, Plaintiff cites to Paragraph 7 of the Complaint, which refers to amorphous "sensitive trip details" and Paragraph 52, which refers to vague "information relating to the specific customer's trip." Doc. 18 at p. 27. These allegations are simply insufficient to adequately allege disclosure of PII. *See, e.g., Esparaza v. Kohl's, Inc.*, 723 F. Supp. 3d 934, 946 (S.D. Cal. 2024) (allegations that "personal details" were disclosed were insufficient to demonstrate serious invasion of protected privacy interest).

Plaintiff also continues to hang his hat on the definition of "guest records" in Section 53.5 of the California Civil Code. Again, Plaintiff has failed to establish that "the location, hotel name, the dates of the stay, and the number of persons in Plaintiff's party" constitute "guest records" under Section 53.5. In *Crano v. Sojern, Inc.*, Case No. 3:25-cv-02600, 2025 WL 2689267, at *9 (N.D. Cal. Sept. 19, 2025), the plaintiff argued that a hotel invaded her privacy under the California Constitution "because 'her identity and room reservation information [] was confidential as a matter of law'" under Section 53.5. This Court rejected the plaintiff's argument and dismissed her invasion of privacy claim, reasoning that the plaintiff failed to demonstrate this information was covered by Section 53.5. *Id.* (finding "[p]laintiff has not alleged facts that

plausibly support an inference that 'the hotel ID, hotel name/location, hotel room price, number of rooms, check in date, check out date, and the fact that [plaintiff] completed her reservations' constitute a guest record under Section 53.5(c)"). The same result should be reached here.

Plaintiff's reliance on *Padron v. Lara*, Case No. 1:16-cv-00549, 2018 WL 2213462, at (E.D. Cal. May 11, 2018) is misplaced. There, the court acknowledged that "[w]here an individual voluntarily places their information into the public sphere, there is no reasonable expectation of privacy." *Id.* at *16. This Court has likewise held that "a plaintiff cannot have a reasonable expectation of privacy if she consented to the intrusion." *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1072 (N.D. Cal. 2016). Here, Plaintiff *voluntarily* interacted with and provided information to Choice Hotels and, as such, he had no reasonable expectation of privacy.

Finally, even if Plaintiff had adequately alleged he had a reasonable expectation of privacy—which he has not—his claim still fails because he has not alleged an intrusion that is highly offensive as a matter of public policy. Both "[t]he California Constitution and common law set a high bar for an invasion of privacy claim." *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). Even disclosure of highly personal information such as social security numbers has been found to not be so highly offensive to constitute an egregious breach of social norms. *Id.* Plaintiff's citation to *In re Vizio, Inc.*, 238 F. Supp. 3d 1204 (C.D. Cal. 2017) does not help her argument. There, the plaintiffs alleged that the defendant collected "an exceptionally vast array of information about their digital identities and viewing histories" and that "the standard industry practice is not to college viewing history data unless a consumer affirmatively opts in." *Id.* at 1233. Based on the "quantum and nature of the information collected . . . and the divergence from the standard industry practice," the court found the plaintiffs plausibly alleged a highly offensive intrusion. *Id.* That information is a far cry from what is alleged here.

It is hard to imagine a more closely held piece of information than one's social security

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

number.[2] Certainly, if the disclosure of social security numbers does not rise to the level of highly offensive, then the disclosure of Plaintiff's choice of hotels is not highly offensive or an egregious breach of social norms as a matter of law. As such, Count II should be dismissed.

**III. CONCLUSION**

For all the reasons set forth above and in its Opening Brief, Defendant Choice Hotels International, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss and enter an order dismissing all claims against it with prejudice.

Respectfully submitted,

Dated: December 22, 2025

GORDON REES SCULLY
MANSUKHANI, LLP

By: /s/ Timothy K. Branson
Timothy K. Branson
Sara Anderson Frey (pro hac pending)
Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.

---

[2] *See also Shah v. Capital One Fin. Corp.*, 768 F. Supp. 3d 1033, 1047 (N.D. Cal. 2025) (finding disclosure of "employment information, bank account information, and [plaintiffs'] eligibility for preapproval or approval for a credit card" did not rise to level of egregious breach).