UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISINIO MOLINA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHOICE HOTELS INTERNATIONAL, INC.,<br><br>    Defendant. | Case No. 25-cv-06827-RS<br><br>**ORDER FOR FURTHER BRIEFING** |

Plaintiff in this putative class action alleges defendant Choice Hotels International, Inc. violates the California Invasion of Privacy Act ("CIPA"), specifically Cal. Penal Code § 631(a), and a right to privacy under the California Constitution. Plaintiff contends that when he and putative class members interact with the Choice Hotels reservation booking website, it "utilizes the Facebook Tracking Pixel," and transmits certain private information about them to Meta, Inc., the entity previously known as Facebook, Inc.

Choice Hotels moves to dismiss, arguing plaintiff has failed to allege facts showing (1) a "a concrete harm to a privacy interest" sufficient to support Article III standing, (2) a viable CIPA claim, or, (3) a cognizable claim under the California constitution. Choice Hotel's reply brief in support of its motion to dismiss relies heavily on *Popa v. Microsoft Corp.*, 153 F.4th 784, 795 (9th Cir. 2025) to support its argument that plaintiff lacks Article III standing.

*Popa* issued approximately two months prior to the date on which Choice Hotels filed its motion to dismiss. It is unclear, therefore, why Choice Hotels did not present it in its moving

papers. Because the issue is one of jurisdiction, however, the court cannot simply conclude the potential impact of *Popa* has been waived.

Accordingly, the hearing set for January 22, 2026, is vacated. Within one week of the date of this order, plaintiff may file a supplemental brief, not to exceed eight pages, setting forth his views as to the relevance and impact of *Popa* on the standing issue presented in this case. Within one week thereafter, Choice Hotels may submit a supplemental reply, which should include any explanation it may have as to why it did not address *Popa* in its moving papers. Upon conclusion of the supplemental briefing, the matter will either be reset for hearing or submitted without argument, in the court's discretion.

**IT IS SO ORDERED**.

Dated: January 15, 2026

_____
RICHARD SEEBORG
Chief United States District Judge