TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7441
Facsimile: (619) 696-7124

SARA ANDERSON FREY (Pro Hac Vice)
sfrey@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Telephone: (215) 717-4009
Facsimile: (215) 693-6650

Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUISINIO MOLINA, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

CHOICE HOTELS INTERNATIONAL, INC.,

Defendant.

Case No. 3:25-cv-06827-RS

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S SUPPLEMENTAL BRIEF REGARDING *POPA V. MICROSOFT CORP.***

Judge: Honorable Richard Seeborg

Action Filed: August 12, 2025

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..... 1

II. PLAINTIFF'S ATTEMPT TO DISTINGUISH *POPA* IS UNAVAILING ..... 1

III. PLAINTIFF FAILS TO ALLEGE LOSS OF THE RIGHT TO CONTROL DISSEMINATION OF SENSITIVE, PERSONAL INFORMATION ..... 3

IV. PLAINTIFF CANNOT ESTABLISH STANDING THROUGH AN UNJUST ENRICHMENT THEORY ..... 5

V. CONCLUSION ..... 5

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Atkins v. Amplitude, Inc.*,
Case No. 24-cv-04913, 2025 WL 2521732 (N.D. Cal. Sept. 2, 2025) ....................................3

*Bogard v. TikTok, Inc.*,
Case No. 24-cv-03131, 2025 WL 3637035 (N.D. Cal. Dec. 15, 2025)....................................5

*Bradshaw v. Lowe's Companies, Inc.*,
Case No. 25cv0742, 2025 WL 3171740 (S.D. Nov. 12, 2025) ..............................................2

*Byars v. Sterling Jewelers, Inc.*,
Case No. 5:22-cv-01456, 2023 WL 2996686 (C.D. Apr. 5, 2023)..........................................4

*Dawidzik v. Tesla, Inc.*,
EDCV 25-019852, 2025 WL 3786963 (C.D. Cal. Dec. 29, 2025)......................................1, 2

*de Ayora v. Inspire Brands, Inc.*,
Case No. 25-cv-03645, 2025 WL 3707561 (N.D. Cal. Dec. 22, 2025)....................................3

*Deivaprakash v. Conde Nast Digital*,
Case No. 25-cv-04021, 2025 WL 2779193 (N.D. Cal. Sept. 30, 2025) ..................................3

*Eichenberger v. ESPN, Inc.*,
876 F.3d 979 (9th Cir. 2017) ....................................................................................................4

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020) ...............................................................................................4, 5

*Gabrielli v. Haleon US, Inc.*,
Case No. 25-cv-02555, 2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) ..................................2

*Gilligan v. Experian Data Corp.*,
Case No. 25-cv-02873, 2026 WL 32259 (N.D. Cal. Jan. 6, 2026)..........................................3

*Greenley v. Kochava, Inc.*,
684 F. Supp. 3d 1024 (S.D. Cal. 2023)......................................................................................5

*Hughes v. Vivint, Inc.*,
Case No. CV 24-3081, 2024 WL 5179916 (C.D. Cal. July 12, 2024) ....................................4

*James v. Walt Disney Co.*,
701 F. Supp. 3d 942 (N.D. Cal. 2023) .......................................................................................4

*Khamooshi v. Politico LLC*,
Case No. 24-cv-07836, 2025 WL 2822879 (N.D. Cal. Oct. 2, 2025) .......................................2

*Lightoller v. Jetblue Airways Corp.*,
Case No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ....................................4

*McClung v. AddShopper, Inc.*,
Case No. 23-cv-01996, 2024 WL 189006 (N.D. Cal. Jan. 17, 2024).......................................5

*Mikulsky v. Noom, Inc.*,
682 F. Supp. 3d 855 (S.D. Cal. 2023).........................................................................4

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025) ........................................................................ *passim*

*Price v. Converse, Inc.*,
Case No. 2:24-cv-08091, 2025 WL 3295119 (C.D. Cal. Sept. 30, 2025) ................................2

*Rodriguez v. Brushfire Records*,
Case No. 2:25-cv-09797, 2025 WL 3692144 (C.D. Cal. Dec. 15, 2025).................................2

*Rodriguez v. Culligan Int'l Co.*,
Case No. 24-cv-00225, 2025 WL 3064113 (S.D. Cal. Nov. 3, 2025)......................................2

*Taylor v. Google LLC*,
Case No. 20-cv-07956, 2021 WL 4503459 (N.D. Cal. Oct. 1, 2021) ......................................3

*Tsering v. Meta Platforms, Inc.*,
Case No. 25-cv-01611, 2026 WL 89320 (N.D. Cal. Jan. 12, 2026).........................................3

*Wooten v. Biolife Plasma Svcs.*,
No. 1:25-cv-00099, 2025 WL 2979619 (E.D. Cal. Oct. 22, 2025)...........................................2

*Yakima Valley Mem. Hosp. v. Washington State Dep't of Health*,
654 F.3d 919 (9th Cir. 2011) ..........................................................................................1

**Statutes**

Cal. Civ. Code §53.5.......................................................................................................1

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## I. INTRODUCTION

Pursuant to the Court's January 15, 2026 Order (Doc. 22), Defendant Choice Hotels International, Inc. ("Defendant" or "Choice Hotels") respectfully submits the following Supplemental Brief addressing *Popa v. Microsoft Corp.*, 153 F.4th 784, 792 (9th Cir. 2025).

At the outset, the Court asked that Defendant to explain why it did not cite to *Popa* in its Opening Brief. As the Court recognized in its Order, Article III standing is jurisdictional and cannot be waived. *See Yakima Valley Mem. Hosp. v. Washington State Dep't of* Health, 654 F.3d 919, 932 n.17 (9th Cir. 2011). Defendant's Opening Brief was based only on the allegations in the Complaint. The basis for Plaintiff's claim of standing was not readily apparent from the face of the Complaint. It was after Plaintiff filed his Opposition and asserted that he had standing simply based on an alleged violation of Section 53.5 of the California Civil Code (Doc. 18 at pp. 12-13) that Defendant cited the Ninth Circuit's holding in *Popa* that a plaintiff must allege more than a statutory violation to establish standing. Thus, Defendant was not raising a new argument in its Reply, but, rather, was responding to Plaintiff's argument in his Opposition that he had standing based on an alleged violation of a statute.

For the reasons stated below, Plaintiff's attempts to distinguish *Popa* fail.

## II. PLAINTIFF'S ATTEMPT TO DISTINGUISH *POPA* IS UNAVAILING

Plaintiff attempts to distinguish *Popa* based on the technology at issue in that case—session-replay technology—which is different from the technology at issue in this case—tracking pixels. (Supp. Br. at p. 1). There is nothing, however, in *Popa* which limits its holding to session-replay technology. Indeed, several courts following *Popa* have analyzed claims involving tracking pixels similar to the ones alleged to have been used here and have held that the plaintiff lacked standing. For example, in *Dawidzik v. Tesla, Inc.*, Case No. EDCV 25-019852, 2025 WL 3786963, at *1 (C.D. Cal. Dec. 29, 2025), the plaintiff alleged that the defendant's website utilized tracking pixels to capture information and create profiles including IP addresses, browser and device type, screen resolution, installed fonts, color depth, time zone, operating system, pages visited, session duration, scroll depth and/or mouse movement, referring URLs, unique identifiers, and geolocation, which were then used for targeted advertising. The

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

court granted the defendant's motion to dismiss for lack of Article III standing.

In doing so, the court relied on *Popa*'s holding rejecting a "'broad theory' of 'free-roaming privacy right[s].'" *Id.* at *3 (quoting *Popa*, 153 F.4th at 792). The court found that the information transmitted by the tracking pixels did not rise to the required level of intrusion. *Id.* at *4. Numerous other courts have likewise found lack of standing in post-*Popa* cases involving tracking pixels and cookies. *See Rodriguez v. Brushfire Records*, Case No. 2:25-cv-09797, 2025 WL 3692144, at *2 (C.D. Cal. Dec. 15, 2025) (allegation that website's use of Magnite tracking pixel collected fingerprinting and de-anonymization information did not establish standing); *Bradshaw v. Lowe's Companies, Inc.*, Case No. 25cv0742, 2025 WL 3171740, at *5 (S.D. Cal. Nov. 12, 2025) (holding plaintiff lacked Article III standing in case alleging use of tracking pixels violated CIPA); *Rodriguez v. Culligan Int'l Co.*, Case No. 24-cv-00225, 2025 WL 3064113, at *3 (S.D. Cal. Nov. 3, 2025) (use of tracking beacons to collect user's contact information did not give rise to invasion of privacy and thus, plaintiff did not have injury cognizable under Article III); *Wooten v. Biolife Plasma Svcs.*, No. 1:25-cv-00099, 2025 WL 2979619, at *3 (E.D. Cal. Oct. 22, 2025) (use of third party trackers to intercept IP addresses and email addresses to link identities through ID bridging did not give rise to concrete harm needed to establish standing); *Khamooshi v. Politico LLC*, Case No. 24-cv-07836, 2025 WL 2822879, at *3-*4 (N.D. Cal. Oct. 2, 2025) (finding plaintiff lacked standing to bring CIPA claims alleging use of third party trackers invaded his privacy); *Price v. Converse, Inc.*, Case No. 2:24-cv-08091, 2025 WL 3295119, at *3 (C.D. Cal. Sept. 30, 2025) (collection of device and browser information, geographic information, and referral tracking by TikTok tracking software did not give rise to Article III standing).

Contrary to Plaintiff's argument, what is crucial in determining standing is not the technology used, but the type of information that is allegedly shared. For that reason, the post-*Popa* cases cited by Plaintiff are distinguishable. For example, *Gabrielli v. Haleon US Inc.*, Case No. 25-cv-02555, 2025 WL 2494368, at *7 (N.D. Cal. Aug. 29, 2025), involved a consumer healthcare website and thus, the court held that the "information users' input into [that] website is likely more sensitive" and included the user's search queries, name, age, gender, email

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

address, location, payment information, and demographic information. In *Deivaprakash v. Conde Nast Digital*, Case No. 25-cv-04021, 2025 WL 2779193, at *1 (N.D. Cal. Sept. 30, 2025), the plaintiff alleged that the third party trackers collected personal information including geographic locations and incomes. Two of the cases cited by Plaintiff involve software development kits incorporated into mobile applications that access a mobile device whenever the device is actively moving, thereby allowing the defendant to collect "sensitive information such as where the user lives, works, and receives medical treatment." *Tsering v. Meta Platforms, Inc.*, Case No. 25-cv-01611, 2026 WL 89320, at *1 (N.D. Cal. Jan. 12, 2026); *Atkins v. Amplitude, Inc.*, Case No. 24-cv-04913, 2025 WL 2521732, at *1 (N.D. Cal. Sept. 2, 2025) (noting collection could include religious affiliation, sexual orientation, or medical condition). The final two cases involved software that allowed a defendant to track interactions "across many websites," *Gilligan v. Experian Data Corp.*, Case No. 25-cv-02873, 2026 WL 32259, at *2 (N.D. Cal. Jan. 6, 2026), and "historical data and information about where Plaintiffs came from via referring URLs." *de Ayora v. Inspire Brands, Inc.*, Case No. 25-cv-03645, 2025 WL 3707561 (N.D. Cal. Dec. 22, 2025).

Here, while Plaintiff tries to characterize the collected information as "sensitive travel details," (Doc. 1 at ¶ 91), what he alleges was actually collected is anything but sensitive. Specifically, Plaintiff alleges the Meta Pixel captured "the location, the hotel name, the dates of stay, and the number of persons in Plaintiff's party." (Doc. 1 at ¶ 8). Similar to a store clerk observing a shopper in a pet store, *Popa*, 153 F.4th at 791, Choice Hotel's alleged tracking is akin to a front desk clerk checking in a hotel guest.

## III. PLAINTIFF FAILS TO ALLEGE LOSS OF THE RIGHT TO CONTROL DISSEMINATION OF SENSITIVE, PERSONAL INFORMATION

Plaintiff also tries to distinguish *Popa* by arguing *Popa* did not involve the loss of the right to control information because the information was allegedly not identifiable. (Supp. Br. at p. 5). Plaintiff argues that he has standing because losing the right to control dissemination of information is a concrete injury.

To start, Plaintiff does not allege in the Complaint that he lost the right to control the

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

dissemination of his information. But, even if he had, losing the right to control information alone does not constitute a concrete injury. There is no absolute, exclusive right to control all collected information and its use. To the contrary, courts have recognized that an individual's right to privacy only "'encompass[es] the individual's control of information ***concerning his or her person***.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598 (9th Cir. 2020) (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)) (emphasis added). "As the right to privacy encompasses control of information concerning one's person, courts 'make their decisions regarding whether a plaintiff has stated a legally protectable privacy interest based on the nature of the information at issue.'" *Hughes v. Vivint, Inc.*, Case No. CV 24-3081, 2024 WL 5179916, at *4 (C.D. Cal. July 12, 2024) (*Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023)); *James v. Walt Disney Co.*, 701 F. Supp. 3d 942, 950 (N.D. Cal. 2023) (whether a privacy claim exists "is dependent on the personal information implicated").

In *Lightoller v. Jetblue Airways Corp.*, Case No. 23-cv-00361, 2023 WL 3963823 (S.D. Cal. June 12, 2023), the plaintiff alleged the defendant's use of session replay software violated CIPA and invaded her privacy. The court granted the defendant's motion to dismiss for lack of standing, finding the plaintiff "failed to adequately allege that she suffered any concrete harm that bears a close relationship to the right to control personal information." *Id.* at *4 (noting flight pricing information was not personal); *see also Hughes*, 2024 WL 517996, at *5 (holding plaintiff lacked standing where she failed to "clearly allege what personalized information of hers was collected" and thus, had not identified any privacy harm); *Byars v. Sterling Jewelers, Inc.*, Case No. 5:22-cv-01456, 2023 WL 2996686, at *3 (C.D. Cal. Apr. 5, 2023) (granting motion to dismiss for lack of standing where plaintiff failed to allege disclosure of "sensitive information").

For the reasons stated above and in Defendant's Opening and Reply Briefs, Plaintiff has failed establish a plausible expectation of privacy in the information allegedly disclosed (i.e., location of hotel, hotel name, dates of stay, and number of persons in party). As such, he has failed to adequately allege that he suffered any concrete harm that bears a close relationship to the right to control sensitive and personal information.

Gordon & Rees LLP
101 W. Broadway Suite 2000
San Diego, CA 92101

## IV. PLAINTIFF CANNOT ESTABLISH STANDING THROUGH AN UNJUST ENRICHMENT THEORY

Plaintiff's supplemental brief raises a new argument that he may establish standing through an unjust enrichment theory, relying on *Greenley v. Kochava, Inc.*, 684 F. Supp. 3d 1024 (S.D. Cal. 2023) and *In re Facebook*, 956 F.3d at 600. (Supp. Br. at p. 4). Plaintiff argues that standing may be established based on the benefit he conferred to Choice Hotels by enabling Meta to collect and use Plaintiff's information for advertising purposes. To establish standing, however, Plaintiff must allege *his own loss*, not just an alleged benefit to Choice Hotels. This Court has held that *In re Facebook* does not "stand for the proposition that simply alleging . . . an unjust enrichment theory is, by itself, sufficient to establish Article III standing" without "sufficient facts establishing that [Plaintiff] *personally* suffered a particular and concrete injury." *Taylor v. Google LLC*, Case No. 20-cv-07956, 2021 WL 4503459, at *4 (N.D. Cal. Oct. 1, 2021) (emphasis added); *see also Bogard v. TikTok, Inc.*, Case No. 24-cv-03131, 2025 WL 3637035, at *14 (N.D. Cal. Dec. 15, 2025) (allegation that defendant benefitted from user engagement did not establish standing); *McClung v. AddShopper, Inc.*, Case No. 23-cv-01996, 2024 WL 189006, at *2 n.2 (N.D. Cal. Jan. 17, 2024) (rejecting plaintiff's reliance on unjust enrichment theory based on *In re Facebook*). Thus, this theory does not provide a ground for standing.

## V. CONCLUSION

For all the reasons set forth above and in its Opening Brief and Reply Brief, Defendant Choice Hotels International, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss and enter an order dismissing all claims against it with prejudice.

Respectfully submitted,

Dated: January 29, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: /s/ Sara Anderson Frey
Timothy K. Branson
Sara Anderson Frey (pro hac vice)
Attorneys for Defendant
CHOICE HOTELS INTERNATIONAL, INC.